UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NONNA ALEKPEROVA,

                       Plaintiff,                     **ORDER**

  - v -

                                                CV-04-202 (JBW)(VVP)

INTERFAITH MEDICAL CENTER, et al.,

                       Defendants.
-----------------------------------------------------------------x

       By order dated August 3, 2005, the court granted the defendants' unopposed motion to compel discovery of certain documents relating to two witnesses, including drafts of affidavits signed by the witnesses, as well as other correspondence and documents provided to the witnesses in connection with the preparation of the affidavits. Upon disclosure at a conference on August 5, 2005 that the plaintiff's counsel had not been aware of the motion and thus did not oppose it, the court granted the plaintiff's counsel additional time to submit opposition, and the defendants' counsel an opportunity to reply. Upon consideration of the additional papers the court hereby modifies the prior order.

       The plaintiff asserts the work product doctrine, now embodied in Rule 26 of the Federal Rules of Civil Procedure, as a bar to discovery of the requested documents. That provision states, in pertinent part, that a party

> may obtain discovery of documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney . . . ) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3). A document is prepared "in anticipation of litigation" if it was prepared because of existing or expected litigation. *See United States v. Adlman*, 134 F.3d 1194, 1198 (2nd Cir. 1994). It is the burden of the proponent of the work product doctrine to establish its applicability to information in question. *See, e.g., In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 384 (2nd Cir. 2003) (citing *United States v. International*

*Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997). It is the burden of the party seeking the information to demonstrate substantial need and unavailability without undue hardship. *See Adlman*, 134 F.3d at 1202-03.

As to the drafts of affidavits prepared by the plaintiff's counsel and the correspondence from the plaintiff's counsel to the witnesses, the applicability of the above rule is beyond dispute. They are documents prepared by counsel for the plaintiff because of this litigation. The plaintiff has thus met the burden of establishing the privilege as to those documents. The defendants, on the other hand, have not shown a "substantial need" for the documents. They argue that, to the extent the plaintiff's counsel sought to have the witnesses attest to something ultimately rejected by the witnesses, that "goes not only to the credibility of the witness, but also to the credibility of the Plaintiff and Plaintiff's claims in this action." Schmidt Letter, Aug. 9, 2005. The argument is tenuous at best. As to the draft affidavits, the rejected portions reflect only what the plaintiff's attorney hoped or wished that the witnesses would say. They reflect at most counsel's own mental processes – thoughts which are at the heart of the protections afforded by the work product doctrine, *see, e.g., Adlman*, 134 F.3d at 1197 – not the witness' views. They certainly do not reflect negatively on the credibility of any of the witnesses since the witnesses never adopted the rejected portions. Nor are they particularly useful in examining the plaintiff's credibility, since they were drafted by counsel and not by the plaintiff herself. Similarly, it is not at all clear how correspondence sent by the plaintiff's counsel to the witnesses is likely to reflect on the credibility of the witnesses, and the correspondence is also highly likely to reveal, directly or indirectly, counsel's thoughts about the case. The court therefore concludes that the draft affidavits and counsel's correspondence to the witnesses lies at the core of attorney work product, entitled to the greatest protection, for which the defendants have failed to establish any substantial need. Accordingly, the defendants' motion is denied as to those documents.

On the other hand, however, documents not prepared by counsel or the plaintiff which were provided to the witnesses, as well as the witnesses' correspondence to the plaintiff's counsel, do not qualify for protection. They fall outside the coverage of Rule 26(b)(3) for the simple reason that they were not prepared by the plaintiff or any of other classes of persons identified in the Rule. The documents supplied by counsel to the witnesses are relevant to an examination of what the witnesses may have used to refresh their recollections about events. The

correspondence written by the witnesses constitute their own statements about matters likely to be relevant to the case and are therefore a proper subject of inquiry.

For the foregoing reasons, the court's August 5, 2005 order is modified to the extent that the plaintiff is not required to produce draft affidavits and correspondence by counsel to the witnesses in question. As to the other documents sought by the defendants, the order remains unchanged. The documents are to be produced within seven business days.

**SO ORDERED:**
*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:	Brooklyn, New York
	September 12, 2005